United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30862
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ERIC GLYNN,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-24-ALL-D
---------------------

Before REAVLEY, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Eric Glynn appeals the restitution order imposed by the
district court following his conviction on his guilty plea to
one count of knowing use, with intent to deceive, of a social
security number that was not been assigned to him by the
Commissioner of Social Security, a violation of 42 U.S.C.
§ 408(a)(7).  The district court sentenced Glynn to four years of
probation, $9,277 in restitution, and a $100 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Glynn contends that (1) he did not admit to the amount of loss or that he owed restitution in any amount to General Motors Acceptance Corporation ("GMAC"); (2) the district court lacked statutory authority to order him to make restitution to GMAC; (3) the district court did not consider the factors in 18 U.S.C. § 3663(a)(1) when it ordered restitution; and (4) the district court did not require the Government to meet its burden of proof regarding the amount of restitution.

Glynn concedes that his plea agreement contained an appeal waiver; he asserts, however, that the waiver does not bar this appeal. Glynn argues that because the plea agreement did not state the amount of restitution, the waiver of appeal could not have been entered knowingly and voluntarily. Additionally, Glynn argues that the waiver does not bar the instant appeal because he reserved the right to appeal any punishment in excess of the statutory maximum and the $9,277 order of restitution exceeds the amount allowed by 18 U.S.C. § 3663(b).

We review de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). We determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 2005 WL 1459641 at *2 (5th Cir. June 21, 2005).

The record reflects that Glynn knowingly and voluntarily waived his right to appeal his sentence, except for a sentence

that was above the statutory maximum and a sentence that was the result of an upward departure from the Sentencing Guidelines. See <u>United States v. Cortez</u>, 413 F.3d 502, 503 (5th Cir. 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).

Glynn's sentence did not exceed the statutory maximum and did not constitute an upward departure from the guidelines. See <u>Cortez</u> 413 F.3d at 503; <u>Bond</u>, 414 F.3d 542, 2005 WL 1459641 at *2-*3. Accordingly, we DISMISS Glynn's appeal because it is barred by the waiver contained in the plea agreement.

APPEAL DISMISSED.