United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMY HEMLER, also known as Tammy Rich,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-175-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tammy Hemler appeals the restitution order imposed by the district court following her guilty-plea conviction for misprision of a felony, a violation of 18 U.S.C. § 4.  The district court sentenced Hemler to five years of probation, six months of home detention, $5,000,000 in restitution, and a $100 special assessment.

Hemler contends that (1) 18 U.S.C. § 3663A does not authorize an order of restitution for offenses such as misprision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a felony; (2) the order of restitution should be vacated pursuant to United States v. Booker, 543 U.S. 220 (2005); and (3) the district court abused its discretion in ordering restitution in the amount of $5,000,000.

Hemler concedes that her plea agreement contained an appeal waiver; however, she asserts that the waiver does not bar her appeal. Hemler asserts that her waiver of appeal was not knowing and voluntary because the scope of the restitution provision in her plea agreement allegedly is ambiguous. She also asserts that the terms of the waiver provision do not encompass an order of restitution pursuant to § 3663A. Finally, she asserts that a waiver of appeal does not bar an appeal of an illegal sentence.

We review de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). We determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 2005 WL 1459641 at *2 (5th Cir. June 21, 2005).

The record reflects that Hemler knowingly and voluntarily waived her right to appeal her sentence, except for a sentence that was the result of an upward departure from the Sentencing Guidelines. See United States v. Cortez, 413 F.3d 502, 503 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N). Because Hemler's sentence did not constitute an upward departure from the

Guidelines, we DISMISS Hemler's appeal as barred by the waiver contained in the plea agreement.

APPEAL DISMISSED.