# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60385
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHARON SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

DeMOSS, Circuit Judge:

Sharon Smith appeals the sentence imposed following her guilty plea conviction for conspiracy to commit wire fraud, identity theft, identification and authentication fraud, and possession and use of counterfeit and forged bank checks with intent to defraud. Smith argues that the district court's restitution order was not supported by sufficient evidence. The Government maintains that Smith's appeal is barred by the appeal waiver in her plea agreement, or alternatively, that the district court properly ordered Smith to pay restitution based on the information contained in the presentence report (PSR).[1]

---

[1] Smith's plea agreement states the following, in relevant part: "Defendant hereby expressly waives her rights to appeal the conviction or sentence imposed in this case, and the

In two unpublished cases, we have held that an appeal waiver barred review of a restitution order, but both of those cases involved plea agreements that explicitly stated that the defendant agreed to pay restitution in an amount determined by the district court. See United States v. Helmer, 169 F. App'x 897, 898 (5th Cir. March 7, 2006) (plea agreement stated that "[t]he Defendant agrees to pay restitution as determined by the Court"); United States v. Glynn, 149 F. App'x 322, 323 (5th Cir. Oct. 7, 2005) (plea agreement stated that "defendant further agrees that the Court will order full restitution in an amount determined by the Court"); accord United States v. Lester, 200 F.3d 1179, 1179 (8th Cir. 2000) (defendant waived his right to appeal the restitution order when his plea agreement stated that he would "pay any restitution ordered by the District Court").

Unlike Helmer and Glynn, the plea agreement in this case said nothing about restitution. Furthermore, Smith's obligation to pay restitution was not clearly communicated during the Rule 11 colloquy. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005) (appeal waiver must be "knowing and voluntary"). Although the district court told Smith that "restitution is appropriate," the prosecutor immediately responded that "I don't think there's a restitution section in the plea agreement." After stating that "I want to be sure we understand where we are on that," the district court changed the subject and did not resolve the issue.[2] See FED. R. CRIM. P. 11(b)(1)(K) ("[T]he court must inform the defendant of, and determine that the defendant understands, the following: the court's authority to order restitution.").

Additionally, the district court never informed Smith that the restitution order was covered by the appeal waiver. See United States v. Baty, 980 F.2d 977,

---

manner in which sentence was imposed, on any ground whatsoever."

[2] At the sentencing hearing, the prosecutor stated that "[a]t the change of plea [hearing], the estimate that I gave the Court [regarding the amount of restitution] was $356,000." This assertion is not supported by the record.

979 (5th Cir. 1992) ("It is up to the district court to insure that the defendant fully understands her right to appeal and the consequences of waiving that right."); FED. R. CRIM. P. 11(b)(1)(N).

Because this appeal is more easily resolved on the merits, we decline to address the issue of whether a general appeal waiver bars review of a restitution order when the plea agreement does not discuss restitution. Compare United States v. Adams, 363 F.3d 363, 365 (5th Cir. 2004) ("Restitution under the MVRA [(Mandatory Victims Restitution Act)] is a criminal penalty and a component of the defendant's sentence"), and U.S. SENTENCING GUIDELINES MANUAL § 5E1.1(a)(1) (2006) (requiring the district court to impose a restitution order under the MVRA), with United States v. Sistrunk, 432 F.3d 917, 918 (8th Cir. 2006) (general appeal waiver did not bar review of a restitution order when the plea agreement did not discuss restitution), and United States v. Zink, 107 F.3d 716, 717-18 (9th Cir. 1997) (same), and United States v. Ready, 82 F.3d 551, 559-60 (2d Cir. 1996) (plea agreement was ambiguous as to whether the waiver of the right to appeal the "sentence" included the restitution order, and this ambiguity would be construed strictly against the Government), and United States v. Broughton-Jones, 71 F.3d 1143, 1146-47 (4th Cir. 1995) (challenge to an "illegal" restitution order is not barred by an otherwise valid general appeal waiver). Although restitution is technically a component of the defendant's sentence, it is unclear "whether the waiver applies to the circumstances at hand, based on the plain language of the [plea] agreement." Bond, 414 F.3d at 544. The plain language of Smith's plea agreement did not mention restitution, and the Rule 11 colloquy did not resolve this uncertainty.

"Once we have determined that an award of restitution is permitted by the appropriate law, we review the propriety of a particular award for an abuse of

discretion."[3] Adams, 363 F.3d at 365. Assuming that Smith did not waive her right to appeal the restitution order, we conclude that the district court did not abuse its discretion by ordering her to pay restitution in the amount of $346,946 jointly-and-severally with her co-defendants.

We reject Smith's argument that the Government was required to present live testimony or a sworn affidavit from the victim at the sentencing hearing regarding the total amount of loss. "The district court may adopt the facts contained in a presentence report without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and brackets omitted). "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." Id.

In this case, the PSR indicates that the probation officer interviewed an employee of the victim, who identified the amount of loss attributable to each member of the conspiracy, including the $58,301 attributable to Smith, for a total loss of $346,946. At the sentencing hearing, Smith's attorney stated that he calculated the total loss to be $305,005. This conclusory statement, standing alone, does not demonstrate that the information contained in the PSR was materially untrue. Smith did not introduce any rebuttal evidence or elicit any live testimony at the sentencing hearing suggesting that the victim's calculation of the total loss was incorrect. See United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995) ("Although Valencia correctly observes that no testimony was presented on this issue, the record reflects no request for, or denial of, an evidentiary hearing. Valencia has not shown that the PSR information is

---

[3] We review de novo whether a restitution order is permissible under the MVRA. Adams, 363 F.3d at 365. Smith does not challenge the applicability of the MVRA to her case. See 18 U.S.C. § 3663A(c)(1)(A)(ii) (MVRA applies to "any offense committed by fraud or deceit").

untrue."); *see also United States v. Rodriguez*, 897 F.2d 1324, 1327 (5th Cir. 1990) (noting that the defendant "never presented any evidence to rebut anything in the [PSR]" and stating that the defendant must assert "with specificity and clarity each factual mistake [in the PSR] of which he complains.") (internal quotation marks omitted).

Accordingly, we AFFIRM the judgment of the district court.[4]

---

[4] Smith also argued at the sentencing hearing that she was not responsible for the losses caused by her co-conspirators before she joined the conspiracy. She did not raise this argument on appeal, so we decline to address it. *United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005).