**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40933
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CERVANTES VILLEGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1089-3

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Ricardo Cervantes Villegas challenges his sentence following his guilty plea conviction on one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 100 but less than 1,000 kilograms of marijuana and using and carrying a firearm during a drug trafficking crime, and on one count of unlawful use and carrying of a firearm during a drug trafficking crime.  *See* 18 U.S.C. § 924(c); 21 U.S.C. §§ 841, 846. Specifically, he argues that the district court erred when it adopted the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report (PSR) that attributed 15.42 kilograms of unseized methamphetamine to him to determine his base offense level for the calculation of an advisory range sentence under the sentencing guidelines. Villegas asserts that the evidence regarding the amount of methamphetamine involved in the conspiracy did not support the court's conclusion that a home invasion by Villegas and his co-conspirators resulted in the theft of 34 bags of methamphetamine; that each of the 34 bags was the same size, weight, and purity; that each bag of the methamphetamine had an approximate value of $10,000; and that each bag weighed approximately one pound (.454 kilograms).

In determining the quantity of methamphetamine taken in the home invasion, the probation officer preparing the presentence report relied upon reports prepared in the investigation of the conspiracy. Before sentencing, the Government provided the district court and Villegas with copies of the debriefing reports from investigator interviews with co-conspirators. The facts set forth in the debriefing reports support the district court's findings regarding the number of bags, their consistent size and weight, and their approximate value. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Villegas's co-conspirators told investigators that they took an estimated 34 packets of methamphetamine during a home invasion. Each member received two to three packets for his participation. A co-conspirator sold the packets and returned the profits to the others for their participation in the home invasion. One member received three packets of methamphetamine for his participation, which his co-conspirator sold, and for which the co-conspirator returned $30,000. A drug enforcement agent indicated that, in his two years of experience, he had bought pound quantities of methamphetamine for approximately $9,500-$13,000. From this information, the district court extrapolated the quantity of unseized methamphetamine from the information in the reports. *See id.* at 246-49 (approving the use of extrapolation to estimate the attributable quantity of narcotics); *see also Anderson v. City of Bessemer*, 470 U.S. 564, 570 (1985) (noting

that where there are "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). In light of the evidence, the district court's conclusion regarding the quantity of methamphetamine is plausible.

Villegas adduced no testimony or other evidence at sentencing to counter the facts stated in the PSR. *See United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008). His conclusory assertions that the evidence was unreliable does not demonstrate that the information contained in the PSR was materially untrue. *See id.* Accordingly, we AFFIRM the decision of the district court.