# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

No. 09-20863

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEVLEN H. FORD,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-242-1

Before JONES, Chief Judge, and JOLLY and GARZA, Circuit Judges.

PER CURIAM:[*]

Devlen Ford was convicted following a jury trial with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months imprisonment, followed by three years of supervised released. Ford now appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20863

## I.

In early February of 2009, Officer M.R. Franklin, a police officer in Harris County, received a tip that there was a black male receiving stolen merchandise at a particular house in the area he was patrolling. Two detectives–Officers Thomas and Middleton–were dispatched to help investigate. The three officers went to the identified house, where they saw Devlen Ford pulling into the driveway.

According to Officer Middleton, the officers introduced themselves to Ford and explained they were investigating a burglary. Officer Thomas asked Ford for consent to search his house for the stolen property. Ford gave consent in written form. Officer Middleton testified that once in the house, Ford told the officers that the day before he had traded marijuana for some items that a person named Stephen had brought over, and that those items were in his bedroom, underneath his bed. The officers looked under the bed and found a laptop, an X-Box 360, and the pistol that is the subject of this case. The officers also claimed to have found a box of marijuana as they were leaving the room. According to Officer Thomas, Ford admitted to them that the items under the bed were those for which he had traded marijuana the day before. Ford was arrested at the scene.

Ford's testimony differed considerably from that of the officers. Ford claims that he had met Stephen the day before and hired him to perform yard work at Ford's home. When Stephen arrived at Ford's home to work, he carried with him a bag. According to Ford, Stephen later went to the store for a drink, leaving the bag on the driveway. Ford claims that since Stephen never returned for it, he brought the abandoned bag into his home for safekeeping. When police arrived the next day, Ford consented to the search of his home and showed them the bag left by Stephen. As they were taking items out of it, Ford claims he noticed something heavy in the pocket of a jacket that was in the bag. The police

2

found a pistol in the jacket pocket, a pistol of which Ford testified he had been unaware.

Ford was later convicted after a jury trial with being a felon in possession of a firearm and sentenced to 120 months imprisonment.  Ford now appeals.

## II.

Ford raises five issues on appeal.  He contends that the district court erred by (1) allowing the Government to cross-examine Ford about inadmissible prior convictions and arrests; (2) permitting an ATF agent to testify that a firearm possessed by Ford in a prior case was stolen, testimony which Ford argues was inadmissible under Federal Rule of Evidence 404(b) and admitted in violation of the Confrontation Clause; and (3) permitting the Government to cross-examine Ford about his post-*Miranda* silence in violation of *Doyle v. Ohio*, 426 U.S. 610 (1976).  Ford also argues that (4) his conviction should be reversed because of improper comments made by the Government in its closing argument and that (5) the district court wrongfully imposed a two-level sentencing enhancement for a stolen firearm.  We find no reversible error.

## A.

The first three issues raised by Ford relate to evidentiary rulings of the district court.  We review evidentiary rulings for abuse of discretion.  *United States v. Parks*, 68 F.3d 860, 867 (5th Cir. 1995).  Accordingly, the harmless error standard applies.  *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007); *United States v. Rodriguez*, 260 F.3d 416, 422 (5th Cir. 2001) (noting that harmless error doctrine applies to so-called *Doyle* violations).[1]  As a result,

---

[1] The leading case in this Circuit analyzing the harmless error test as applied to *Doyle* violations is *Chapman v. United States*, 547 F.2d 1240, 1247-48 (5th Cir. 1977).  Many cases cannot be resolved solely by reference to the *Chapman* categories, however.  In such instances, "we apply a case-by-case approach using the *Chapman* categories as guidelines for assessing the prejudice to the defendant in the particular context, including the strength of the evidence."  *United States v. Rodriguez*, 43 F.3d 117, 121-22 (5th Cir. 1995).  Here, in light of the evidence and for the reasons stated elsewhere, we find no prejudice requiring reversal.

No. 09-20863

reversal is appropriate only if any of the claimed evidentiary errors affected Ford's substantial rights. *Sumlin*, 489 F.3d at 688. Because we find that any error was harmless, we need not decide whether the district court erred in these evidentiary rulings.

This court has stated that an error affects substantial rights if there is a reasonable probability that the improperly admitted evidence contributed to the conviction. *Id.* Here, after considering the parties' briefs and the evidence against Ford, we are not persuaded there is a reasonable probability the jury would not have convicted Ford absent the challenged testimony. Both parties agreed this case turned on whose testimony the jury credited–the officers' or Ford's. Ford's alibi–that a man named "Stephen" inexplicably left a bag of very expensive items at his home, the contents of which were unknown to Ford–was, to put it charitably, far less plausible than the officers' story. The jury had sufficient reason to credit the officers' testimony over Ford's, even without evidentiary errors. Thus, we find no reversible error.

**B.**

Ford next argues that his conviction should be reversed because of improper comments made in the Government's closing argument. Assuming, without deciding, that the comments were inappropriate, reversal would be appropriate only if the remarks cast serious doubt on the correctness of the jury's verdict. *United States v. Fierro*, 38 F.3d 761, 771 (5th Cir. 1994). For the same reasons stated above, we find that any inappropriate comments made by the Government did not cast serious doubt on the correctness of the jury's verdict. Thus, we find no reversible error here.

**C.**

Ford's final argument on appeal is that the district court abused its discretion by imposing a two-level enhancement for a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4) based on an unreliable affidavit, which stated that the

4

No. 09-20863

gun at issue was stolen. Ford argues that it was "highly unusual" that the affiant claimed to be the victim of a burglary in 2006, but did not report the crime until questioned by the ATF during the investigation in this case. Ford also contends that the district court erred by denying his request for an evidentiary hearing to determine whether the gun was stolen. We find these challenges to be without merit.

Sentencing judges are entitled to find, by a preponderance of the evidence, all facts relevant to determination of a Guidelines sentencing range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The court's ultimate findings of fact are reviewed for clear error, *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009), while the denial of an evidentiary sentencing hearing is reviewed for abuse of discretion, *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994).

This court has stated that defendant bears the burden of showing that information in the PSR relied on by the district court is materially untrue. *United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008). Ford has failed to establish anything approaching this threshold. He provides no reasons to suspect the affiant in question was lying, nor does he even assert what evidence or additional facts he would adduce at an evidentiary hearing to support his claim that the affidavit was incorrect. Simply claiming that it was "highly unusual" for the affiant not to report to the police that her gun had been stolen is not sufficient to show that the affidavit was not true. For these reasons, the district court did not err in relying on the affidavit, nor abuse its discretion in denying an evidentiary hearing.

We **AFFIRM**.

5

No. 09-20863

E. GRADY JOLLY, Circuit Judge,  specially concurring:

I concur in the majority's opinion in full.  I write separately to take note that underlying the key issues in today's case is the rather crass manner in which the prosecution was, in part, conducted.  As the record before us makes clear, the Assistant United States Attorney engaged in conduct that eschewed professional training, which put in jeopardy an otherwise clear conviction.  He extensively cross-examined Ford about prior convictions and arrests on the ruse that defense counsel had opened the door to such questioning.  He put on the stand an ATF agent who testified, based on a National Crime Information Center report, that a firearm possessed by Ford in a previous case was stolen, which had little purpose but to inflame the jury.  The Government now concedes on appeal that this testimony was hearsay, and it does not dispute that admission of this testimony violated Ford's rights under the Confrontation Clause.

Beyond these missteps, the prosecutor posed a lengthy question—amounting to little more than invective—with respect to Ford remaining silent after he had invoked his *Miranda* rights.  During cross-examination the prosecutor attributed to him a marijuana or "dope-dealing business," an accusation bearing no relevance to the crime of possession of a firearm by a felon.  Indeed, during the Government's summation, the AUSA claimed that "all [Ford] does is hang around with marijuana, and that is what he is."

The prosecutor is fortunate that his general resort to naked and raw emotionalism did not cost him the case; any evidentiary errors are ultimately insufficient to warrant a reversal of Ford's conviction.  Notwithstanding this result, the prosecutor needs reminding that we must demand a higher degree of professional prosecution than we have seen here.