PER CURIAM: *
Devlen Ford was convicted following a jury trial with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months imprisonment, followed by three years of supervised released. Ford now appeals. We affirm.
I.
In early February of 2009, Officer M.R. Franklin, a police officer in Harris County, received a tip that there was a black male receiving stolen merchandise at a particular house in the area he was patrolling. Two detectives — Officers Thomas and Middleton — were dispatched to help investigate. The three officers went to the identified house, where they saw Devlen Ford pulling into the driveway.
According to Officer Middleton, the officers introduced themselves to Ford and explained they were investigating a burglary. Officer Thomas asked Ford for consent to search his house for the stolen property. Ford gave consent in written form. Officer Middleton testified that once in the house, Ford told the officers that the day before he had traded marijuana for some items that a person named Stephen had brought over, and that those items were in his bedroom, underneath his bed. The officers looked under the bed and found a laptop, an X-Box 360, and the pistol that is the subject of this case. The officers also claimed to have found a box of marijuana as they were leaving the room. According to Officer Thomas, Ford admitted to them that the items under the bed were those for which he had traded marijuana the day before. Ford was arrested at the scene.
Ford’s testimony differed considerably from that of the officers. Ford claims that he had met Stephen the day before and hired him to perform yard work at Ford’s home. When Stephen arrived at Ford’s *948 home to work, he carried with him a bag. According to Ford, Stephen later went to the store for a drink, leaving the bag on the driveway. Ford claims that since Stephen never returned for it, he brought the abandoned bag into his home for safekeeping. When police arrived the next day, Ford consented to the search of his home and showed them the bag left by Stephen. As they were taking items out of it, Ford claims he noticed something heavy in the pocket of a jacket that was in the bag. The police found a pistol in the jacket pocket, a pistol of which Ford testified he had been unaware.
Ford was later convicted after a jury trial with being a felon in possession of a firearm and sentenced to 120 months imprisonment. Ford now appeals.
II.
Ford raises five issues on appeal. He contends that the district court erred by (1) allowing the Government to cross-examine Ford about inadmissible prior convictions and arrests; (2) permitting an ATF agent to testify that a firearm possessed by Ford in a prior case was stolen, testimony which Ford argues was inadmissible under Federal Rule of Evidence 404(b) and admitted in violation of the Confrontation Clause; and (3) permitting the Government to cross-examine Ford about his post-Miranda silence in violation of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Ford also argues that (4) his conviction should be reversed because of improper comments made by the Government in its closing argument and that (5) the district court wrongfully imposed a two-level sentencing enhancement for a stolen firearm. We find no reversible error.
A.
The first three issues raised by Ford relate to evidentiary rulings of the district court. We review evidentiary rulings for abuse of discretion. United States v. Parks, 68 F.3d 860, 867 (5th Cir.1995). Accordingly, the harmless error standard applies. United States v. Sumlin, 489 F.3d 683, 688 (5th Cir.2007); United States v. Rodriguez, 260 F.3d 416, 422 (5th Cir.2001) (noting that harmless error doctrine applies to so-called Doyle violations).[1] As a result, reversal is appropriate only if any of the claimed evidentiary errors affected Ford’s substantial rights. Sumlin, 489 F.3d at 688. Because we find that any error was harmless, we need not decide whether the district court erred in these evidentiary rulings.
This court has stated that an error affects substantial rights if there is a reasonable probability that the improperly admitted evidence contributed to the conviction. Id. Here, after considering the parties’ briefs and the evidence against Ford, we are not persuaded there is a reasonable probability the jury would not have convicted Ford absent the challenged testimony. Both parties agreed this case turned on whose testimony the jury credited-the officers’ or Ford’s. Ford’s alibi— that a man named “Stephen” inexplicably left a bag of very expensive items at his home, the contents of which were unknown to Ford — was, to put it charitably, *949 far less plausible than the officers’ story. The jury had sufficient reason to credit the officers’ testimony over Ford’s, even without evidentiary errors. Thus, we find no reversible error.
B.
Ford next argues that his conviction should be reversed because of improper comments made in the Government’s closing argument. Assuming, without deciding, that the comments were inappropriate, reversal would be appropriate only if the remarks cast serious doubt on the correctness of the jury’s verdict. United States v. Fierro, 38 F.3d 761, 771 (5th Cir.1994). For the same reasons stated above, we find that any inappropriate comments made by the Government did not cast serious doubt on the correctness of the jury’s verdict. Thus, we find no reversible error here.
C.
Ford’s final argument on appeal is that the district court abused its discretion by imposing a two-level enhancement for a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4) based on an unreliable affidavit, which stated that the gun at issue was stolen. Ford argues that it was “highly unusual” that the affiant claimed to be the victim of a burglary in 2006, but did not report the crime until questioned by the ATF during the investigation in this case. Ford also contends that the district court erred by denying his request for an evidentiary hearing to determine whether the gun was stolen. We find these challenges to be without merit.
Sentencing judges are entitled to find, by a preponderance of the evidence, all facts relevant to determination of a Guidelines sentencing range. United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005). The court’s ultimate findings of fact are reviewed for clear error, United States v. Mauskar, 557 F.3d 219, 232 (5th Cir.2009), while the denial of an evidentiary sentencing hearing is reviewed for abuse of discretion, United States v. Henderson, 19 F.3d 917, 927 (5th Cir.1994).
This court has stated that defendant bears the burden of showing that information in the PSR relied on by the district court is materially untrue. United States v. Smith, 528 F.3d 423, 425 (5th Cir.2008). Ford has failed to establish anything approaching this threshold. He provides no reasons to suspect the affiant in question was lying, nor does he even assert what evidence or additional facts he would adduce at an evidentiary hearing to support his claim that the affidavit was incorrect. Simply claiming that it was “highly unusual” for the affiant not to report to the police that her gun had been stolen is not sufficient to show that the affidavit was not true. For these reasons, the district court did not err in relying on the affidavit, nor abuse its discretion in denying an eviden-tiary hearing.
We AFFIRM.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The leading case in this Circuit analyzing the harmless error test as applied to Doyle violations is Chapman v. United States, 547 F.2d 1240, 1247-48 (5th Cir.1977). Many cases cannot be resolved solely by reference to the Chapman categories, however. In such instances, "we apply a case-by-case approach using the Chapman categories as guidelines for assessing the prejudice to the defendant in the particular context, including the strength of the evidence.” United States v. Rodriguez, 43 F.3d 117, 121-22 (5th Cir.1995). Here, in light of the evidence and for the reasons stated elsewhere, we find no prejudice requiring reversal.