# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

Lyle W. Cayce
Clerk

No. 11-20055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN JAVIER GUZMAN FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-579-4

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christian Javier Guzman Flores pleaded guilty without the benefit of a plea agreement to one count of conspiracy to possess with intent to distribute cocaine. He appeals his 37-month, within-guidelines sentence as unreasonable and unconstitutional.

Flores contends that the district court committed procedural error by holding him responsible for too high a quantity of drugs and for treating the Guidelines as mandatory. He raised neither argument in the district court and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cannot now show plain error.[1] The drug quantity finding was based on Flores's own admission as reflected in the presentence report, which Flores did not attempt to rebut and has not shown lacked an adequate evidentiary basis or was unreliable.[2] Moreover, Flores provides no explanation or record citation to support his assertion that the court treated the Guidelines as mandatory, and nothing in the record suggests that the court believed it was bound by the guidelines range.

Flores argues that his sentence is substantively unreasonable for four reasons: his young age entitled him to a shorter sentence, a codefendant who was caught selling a similar amount of drugs received a shorter sentence, the court should not have considered that Flores illegally possessed a gun, and the court failed to take into account all of the goals of sentencing. At sentencing, the district court listened to the parties' arguments and provided sound reasons for the within-guidelines sentence it selected. The court made "an individualized assessment" based on the facts of Flores's particular case.[3] Flores's arguments amount to a disagreement with the court's weighing of the sentencing factors, which is insufficient to rebut the presumption that his within-guidelines sentence is reasonable.[4]

Finally, Flores maintains that his right to equal protection was violated because he was sentenced more harshly than his codefendant. He did not raise this issue in the district court; thus, plain error review applies.[5] Flores has come

---

[1] *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

[2] *See United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008).

[3] *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

[4] *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (explaining that where a court imposes a within-guidelines sentence, this Court will "infer that the judge has considered all the factors for a fair sentence").

[5] *See United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007).

forward with no evidence as to the factors that went into determining his codefendant's sentence and has not explained the court's reasons for imposing that sentence. Nor has he established that any disparity between the two sentences rises to the level of a constitutional violation by showing that his codefendant was "similarly situated" to him and "unfairly enjoy[ed] benefits that he does not or escape[d] burdens to which he is subjected."[6]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[6] *United States v. Cronn*, 717 F.2d 164, 169 (5th Cir.1983).