**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

Lyle W. Cayce
Clerk

No. 10-20877
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK SCOTT BIGELOW,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-500-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Patrick Scott Bigelow appeals the sentence imposed following his guilty plea conviction for bank robbery, car jacking, and brandishing a firearm during a crime of violence. Bigelow argues that the district court's order of restitution to one of the victims was not supported by sufficient evidence. Because Bigelow challenges the district court's reliance on the presentence report (PSR) to determine the amount of restitution and did not object on this ground in the district court, we review only for plain error. *See United States v. Maturin*, 488

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 657, 659-60 (5th Cir. 2007).  To show plain error, Bigelow must show a clear or obvious error that affected his substantial rights.  *Id.* at 660 (citation omitted).  If he makes such a showing, "this court may, in its discretion, grant the defendant relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotations and citations omitted).

Bigelow presented no argument or evidence in the district court to suggest that the information in the PSR generally or the victim's statement of loss, from which the PSR derived the restitution amount, were materially untrue or unreliable.  *See United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008).  Nor does he now explain how the information in the PSR is untrue or inaccurate.  *See id.*  In light of these absences, Bigelow has failed to show that the district court erred in adopting the facts contained in the PSR and using them to determine restitution.  *See id.*  In any event, whether the victim required and received the therapy for which he requested restitution is a factual issue that was capable of resolution in the district court, and thus cannot constitute plain (clear or obvious) error.  *See, e.g.*, *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.