**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4145**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

MARION SHAWN ANDERSON,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.　Leonie M. Brinkema, District Judge. (1:11-cr-00231-LMB-1)

Submitted: August 27, 2013　　　　Decided: August 30, 2013

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Hughes, LAW OFFICES OF D. CRAIG HUGHES, Houston, Texas, for Appellant.　Neil H. MacBride, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Shawn Anderson pled guilty pursuant to a plea agreement to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Anderson was sentenced to twenty years' imprisonment, the statutory minimum sentence based on a prior felony drug conviction. Finding no error, we affirm.[1]

Anderson contends counsel was ineffective for providing false assurances and misleading advice and that his effectiveness was stunted because he was suffering from non-Hodgkin's lymphoma causing him to take numerous medications. He further contends that he proclaimed his innocence to counsel asserting that he was never part of the charged conspiracy but that counsel never investigated his version of events. Anderson also contends that his guilty plea was the result of coercion from counsel and the Government that rose after the motion to suppress was filed. He was told that if he followed through with the suppression motion, the proposed plea agreement would be withdrawn. He claims he was also told that the Government would not seek the increased statutory sentence. Anderson also claims counsel told him his Guidelines sentence would be 97 to

---

[1] Because this is an appeal from the a final judgment of conviction, the Government's claim that the appeal cannot proceed without a certificate of appealability is without merit.

121 months and that the Government would move to reduce his sentence by as much as 65%. Anderson asserts that it was not until the Rule 11 hearing that he learned of the Government's notice under 21 U.S.C. § 851 (2006) and the twenty year mandatory minimum sentence.

Anderson further claims that the Government breached the plea agreement because it (1) filed the § 851 notice and supported the aggravating enhancements to his offense level; (2) did not support a total offense level of twenty-nine; and (3) failed to move for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1.

It is well established that claims of ineffective assistance of counsel will not be reviewed on direct appeal unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The record in this instance falls far short of supporting Anderson's ineffective assistance of claims. Accordingly, we will not review the claims.

Anderson did not claim in the district court at sentencing that the Government breached the plea agreement, so we review for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). To succeed on this claim, Anderson must establish "(1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects

3

the fairness, integrity, or public reputation of judicial proceedings." United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). We conclude that the record fails to show that there was a breach of any kind by the Government. Accordingly, there was no error, much less plain error.

Accordingly, we affirm the conviction and sentence.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Anderson also contends that the appeal waiver that was in the plea agreement should not be enforced. Because the Government is not seeking to enforce the appeal waiver, this claim is moot.