**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4437**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

OSWALDO TREJO-CASAS, a/k/a Abraham Trejo-Martinez,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Mary G. Lewis, District Judge. (6:10-cr-00119-MGL-2)

Submitted:  December 16, 2014      Decided:  January 2, 2015

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Hannah R. Metcalfe, METCALFE & ATKINSON, Greenville, South Carolina, for Appellant.  Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oswaldo Trejo-Casas pled guilty to conspiracy to possess cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a total of 120 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with the requisites of Fed. R. Crim. P. 11 and, specifically, whether Trejo-Casas was properly advised of the immigration consequences of his guilty plea. Trejo-Casas was advised of his right to file a pro se supplemental brief but has not filed one. The government has declined to file a brief. We affirm.

Before accepting Trejo-Casas' guilty plea, the district court conducted a thorough plea colloquy, fully satisfying the requirements of Rule 11 and ensuring that Trejo-Casas' plea was knowing, voluntary, and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Regarding the impact on his immigration status, our review discloses that Trejo-Casas was advised at the guilty plea hearing that his plea could result in deportation, and that he indicated that he understood this advisal. Finally, counsel asserts that Trejo-Casas' Sixth Amendment rights were violated because trial counsel failed to

2

advise him of the immigration consequences of his plea. <u>See</u> <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010). Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Trejo-Casas, in writing, of the right to petition the Supreme Court of the United States for further review. If Trejo-Casas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Trejo-Casas. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED