**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4704**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SCOTTIE ALLEN LOFTIS,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. James A. Beaty, Jr.,
Senior District Judge. (1:13-cr-00430-JAB-1)

_____

Submitted: February 12, 2015    Decided: February 23, 2015

_____

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Duberstein,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant. Clifton Thomas Barrett, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scottie Allen Loftis pled guilty, pursuant to a binding plea agreement, to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012). See Fed. R. Crim. P. 11(c)(1)(C). The district court sentenced Loftis to 120 months' imprisonment — the sentence agreed to by the parties in the binding plea agreement. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by not sentencing Loftis pursuant to the advisory Guidelines established in Loftis' presentence report. Loftis has filed a pro se supplemental brief, challenging his conviction and sentence and raising claims of ineffective assistance of counsel and prosecutorial misconduct. We affirm Loftis' conviction and dismiss the appeal of his sentence.

Although Loftis argues that the district court erred in accepting his guilty plea, our review of the plea hearing reveals that the district court substantially complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy and committed no error warranting correction on plain error review. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Importantly, we find that the court ensured

2

that Loftis understood the full import of his binding plea agreement.

Next, we turn to Loftis' appeal of his sentence. Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to a Rule 11(c)(1)(C) agreement may not appeal that sentence. See 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of the exceptions to this rule applies here. Loftis' sentence was the applicable statutory maximum, see 18 U.S.C. § 924(a)(2) (2012), was not based on an incorrect application of the Sentencing Guidelines, and was precisely what he and the Government agreed was appropriate. Accordingly, we conclude that we do not have jurisdiction to review Loftis' sentence.

Finally, we turn to Loftis' claims of ineffective assistance of counsel and prosecutorial misconduct. Loftis argues that counsel rendered ineffective assistance by forcing him to plead guilty and by advising him to enter into the binding plea agreement. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought

3

pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Loftis' claims should be raised, if at all, in a § 2255 motion. Furthermore, we conclude that the current record does not support the claim that the prosecutor conspired with counsel to force Loftis to plead guilty. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (stating elements of prosecutorial misconduct).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Loftis' conviction and dismiss the appeal to the extent that he seeks review of his sentence. This court requires that counsel inform Loftis, in writing, of the right to petition the Supreme Court of the United States for further review. If Loftis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Loftis. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>