# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD MICHAEL BENNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-159-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Chad Michael Bennett was convicted of production of child pornography, in violation of 18 U.S.C. § 2251(a), and sentenced to 360 months of imprisonment, a 20-year term of supervised release, and restitution in the amount of $69,915. Bennett's plea agreement contained a waiver of his appeal rights, reserving only the right to raise a claim of ineffective assistance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50068

counsel or prosecutorial misconduct of constitutional dimension of which Bennett did not have knowledge at the time of sentencing.

Despite the appeal waiver, Bennett now challenges his restitution order. We "review[] de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A waiver of appeal bars an appeal when it (1) was made knowingly and voluntarily, and (2) "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Whether a general appeal waiver bars a challenge to a restitution order is unsettled, at least where restitution was not mentioned in the plea agreement. *See United States v. Smith*, 528 F.3d 423, 424-26 (5th Cir. 2008) (declining to reach issue and comparing cases). The record in this case reflects that Bennett was well aware that restitution would potentially be part of his sentence. The plea agreement described Bennett's responsibilities regarding restitution in detail, including the fact that restitution was to include all amounts identified in connection with all counts of the indictment and those identified outside the indictment. Although the appeal waiver did not specifically mention restitution, the magistrate judge discussed the restitution and appeal waiver provisions of the plea agreement thoroughly with Bennett at rearraignment.

In short, Bennett was placed on notice in the plea agreement and at rearraignment that as part of his sentence, he might be obligated to pay restitution. He acknowledged that responsibility. The references in the record and discussions concerning a potential restitution order at sentencing, as well as Bennett's own comments indicating that he was aware that he was subject to a restitution order as part of his sentence, support the argument that

No. 18-50068

Bennett knowingly and voluntary waived his right to appeal any restitution order entered at sentencing. *See Keele*, 755 F.3d at 755-56.

For the first time in his reply brief, Bennett contends that an appeal waiver does not preclude an appeal of a sentence imposed above the statutory maximum, which, he contends, is the case here because the district court erred by ordering him to pay restitution under the Mandatory Victims Restitution Act. Arguments which are raised for the first time in a reply brief are waived. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Accordingly, we DISMISS Bennett's appeal based on his appeal waiver.