# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 21-10525
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Lee Cook,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-339-10

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Nathan Lee Cook pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced at the bottom of the advisory guidelines range to 140 months of imprisonment. Cook challenges on appeal the denial in a minute entry "as moot" of his pro se motion to withdraw his guilty plea, filed while he was represented by court-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appointed counsel.  His appellate issues challenge whether the magistrate judge had the statutory authority to make a dispositive ruling denying his motion and, additionally, whether the magistrate judge legally erred in denying Cook's pro se motion as moot.  We pretermit the issue whether Cook's appeal waiver bars the issues he has raised herein because, as discussed below, they fail on the merits.  *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008).

Cook's appellate arguments were raised for the first time on appeal; therefore, Cook did not give the district court an opportunity to correct the alleged errors, and review is for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135, (2009); *United States v. Dominguez–Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012); *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  To show plain error, Cook must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett*, 556 U.S. at 135.  If he makes that showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Even if it is assumed arguendo that a clear and obvious error occurred either when (1) Cook's pro se motion was referred to the magistrate judge for a dispositive ruling or, (2) after the magistrate judge stated that Cook's motion would *not* be considered, the clerk-generated minute entry erroneously represented that Cook's pro se motion was denied as moot, his arguments do not survive plain error review.  *See Puckett*, 556 U.S. at 135. Cook has made no showing that his substantial rights were affected by the alleged errors.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Cook argues that the error affected his substantial rights because he "was convicted on a plea unsupported by sufficient proof that the conduct he engaged in fell within the scope of the conduct criminalized by [18 U.S.C. § 846]" and states in only a conclusional fashion that if he had known of the insufficiency of the factual basis, he would not have pleaded guilty.

No. 21-10525

When examined under the totality of circumstances of the case, however, Cook's conclusional challenge to the factual basis of his plea fails to establish to a reasonable probability that but for the alleged error, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83; *cf. United States v. Garcia-Paulin*, 627 F.3d 127, 131-34 (5th Cir. 2010) (holding that the defendant established his substantial rights were affected where he would not have pleaded guilty if he knew the factual basis relied on by the court to support his conviction failed to show that his conduct violated the statute). Cook pleaded guilty knowingly and voluntarily at his rearraignment, despite having the benefit of his co-defendant's affidavit testimony retracting some information that implicated Cook in the conspiracy. To the extent the retraction may have affected the factual stipulation, Cook and his first court-appointed counsel thereafter initialed the handwritten changes made to the factual resume. Furthermore, despite the minute entry stating that Cook's pro se motion to withdraw his plea was denied as moot, Cook discussed re-raising the motion with newly appointed counsel. At sentencing, neither Cook nor his counsel raised any issues regarding the withdrawal of his plea, its involuntary nature, or its insufficient factual basis. Cook simply has not identified any portion of the record demonstrating that his decision to plead guilty was affected by the alleged minute entry error.

AFFIRMED.