# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-20025
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anurag Dass,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-649-2

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Per a written agreement, Anurag Dass pleaded guilty of aiding and abetting the receipt of a $7,710 healthcare kickback, in violation of 42 U.S.C. § 1320a-7b, and money laundering, in violation of 18 U.S.C. § 1957. The district court ordered forfeiture of a $928,621.16 money judgment and $500,000 seized from a bank account. Dass contends that her appeal waiver does not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

bar review of her challenge to the forfeiture order, and she challenges the forfeiture of the money judgment while contending that the money seized from the bank account was not subject to forfeiture.

The parties dispute whether the appeal waiver in Dass's plea agreement precludes us from addressing the merits of some of her arguments on appeal. The issue whether a waiver bars an appeal is not jurisdictional. *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *see also United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008). Therefore, we pretermit that issue.

Because Dass did not challenge the forfeiture of the $500,000 seized from the bank account, we review for plain error. *See United States v. Omigie*, 977 F.3d 397, 403 (5th Cir. 2020). For plain error, an appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

For forfeiture of property, "we 'must determine whether the government has established the requisite nexus between th[at] property and the [charged] offense' under the applicable statute." *United States v. Ayika*, 837 F.3d 460, 469 (5th Cir. 2016) (quoting Fed. R. Crim. P. 32.2(b)-(1)(A)). "The Government must establish the requisite nexus between the property and the offense by a preponderance of the evidence." *United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005).

Dass maintains that the money seized from the bank account was not subject to forfeiture. An individual convicted of money laundering under § 1957 must "forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). Despite Dass's assertions to the contrary, she expli-

citly admitted in her plea agreement that the $500,000 seized from the bank account was involved in her money-laundering offense. Because a forfeiture determination "may be based on evidence already in the record, including any written plea agreement," the government demonstrated the requisite nexus between the money from the account and Dass's money-laundering offense. *See* FED. R. CRIM. P. 32.2(b)(1)(B). Accordingly, the district court did not err in ordering the forfeiture.

By contrast, the government concedes that the $928,621.16 money judgment includes proceeds from criminal activity outside the scope of Dass's convictions and requests that the judgment of sentence be vacated and remanded for recalculation. For this issue, we need not decide the standard of review because the appellant is entitled to relief even under the plain-error standard. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

For an individual convicted of a federal healthcare offense, courts "shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7); *see* 18 U.S.C. § 24. Criminal forfeiture by virtue of the civil-forfeiture statute would have essentially the same limitation. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); *see also* 18 U.S.C. §§ 24, 1956(c)(7)(F).

The government admits, and the record supports, that the imposition of the $928,621.16 money judgment was a clear and obvious error because it included proceeds that were not traceable to Dass's $7,710 healthcare kickback offense. Moreover, but for the error, there is a reasonable probability that the money judgment would have been substantially less than $928,621.16. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc). Finally, because the error resulted in forfeiture of a substan-

No. 22-20025

tial amount of money without statutory authorization, the error seriously affects the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Sanjar*, 876 F.3d 725, 750 (5th Cir. 2017).  Therefore, we exercise our discretion to correct this error.

Based upon the foregoing, we AFFIRM the forfeiture of the $500,000 seized from the subject bank account, but because part of the $928,621.16 money judgment lacks the required statutory nexus, we VACATE the forfeiture order and REMAND for recalculation of the money judgment and entry of a corrected order.