# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10819
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaquan Eaddy,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-39-1

_____

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jaquan Eaddy pleaded guilty, with the benefit of a written plea agreement, to Hobbs Act robbery. He now appeals the district court's denial of his motion to withdraw his guilty plea.

We pretermit whether the instant appeal is barred by the appellate waiver in Eaddy's plea agreement, as his appeal fails on the merits. *See*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10819

*United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008).

Our review of the district court's denial of Eaddy's withdrawal motion is for an abuse of discretion. *See United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). After the district court accepts a guilty plea, but before it imposes a sentence, a defendant may withdraw the plea by showing a "fair and just reason" for seeking withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The district court considers: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

Eaddy has failed to carry his burden of showing that the district court abused its discretion in denying his motion based on the totality of the circumstances. *See Lord*, 915 F.3d at 1013-14. He contends that he did not unreasonably delay in filing his withdrawal motion, in which he argued that the Hobbs Act violated the Commerce Clause, because it was based on two Supreme Court decisions that were issued shortly before he filed his motion, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). We are unpersuaded that his delay was justified, as he has not made a convincing argument that his withdrawal motion was based on any new legal standard articulated in *Bruen* or *Dobbs*.

We also disagree with Eaddy's argument that withdrawal would not substantially inconvenience the court, prejudice the government, or waste

judicial resources, and we defer to the district court's finding that those factors weigh against withdrawal. *See Carr*, 740 F.2d at 345; *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991). Moreover, as Eaddy concedes, his guilty plea was knowing and voluntary, and the "close assistance of counsel" factor is at best neutral. *Carr*, 740 F.2d at 344. Further, even if we were to agree with the district court's finding that Eaddy has asserted his factual innocence, that would be the only *Carr* factor weighing in favor of withdrawal. Accordingly, Eaddy has not shown that the district court abused its discretion in denying his withdrawal motion. *See Lord*, 915 F.3d at 1013-14.

AFFIRMED.