**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4312**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO REYNSO REBOLLAR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00020-RJC-2)

Submitted: November 15, 2016          Decided: November 29, 2016

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey A. Phipps, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Reynso Rebollar pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court calculated Rebollar's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 168 to 210 months' imprisonment and sentenced Rebollar to 168 months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Rebollar's guilty plea, whether the district court abused its discretion in imposing sentence, and whether trial counsel rendered ineffective assistance. Rebollar was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Rebollar's plea agreement.[*] We affirm.

---

[*] Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

Because Rebollar did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the magistrate judge's omissions under Rule 11 did not affect Rebollar's substantial rights. Additionally, the transcripts of the guilty plea and sentencing hearings reveal that the magistrate judge and district court ensured that the plea was supported by an independent basis in fact and that Rebollar entered the plea knowingly and voluntarily with an understanding of the consequences. Accordingly, we discern no plain error in the district court's acceptance of Rebollar's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).

Turning to Rebollar's 168-month sentence, we review it for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Lymas, 781 F.3d at 111-12 (quoting Gall, 552 U.S. at 51). We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

In this case, the district court did not reversibly err in calculating the Guidelines range and properly heard argument from counsel and allocution from Rebollar. The court explained that the within-Guidelines sentence of 168 months' imprisonment was warranted in light of the nature and seriousness of

4

Rebollar's offense conduct, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public, and to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (6). Rebollar does not offer any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Rebollar.

With respect to ineffective assistance of counsel, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record does not conclusively establish ineffective assistance by Rebollar's trial counsel, we deem this claim inappropriate for resolution on direct appeal. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rebollar, in writing, of the right to petition the Supreme Court of the United States for further review. If Rebollar requests that a petition be filed, but counsel believes that such a

5

petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rebollar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED