IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-10971
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH REVEN MCCLAIN, also known as Roosevelt Hicks, also known as
Lonnie Smith, also known as Corey Arness, also known as Keith Perry, also
known as Jessie, also known as Paul Linder

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-332-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Kenneth Reven McClain of
conspiracy to defraud the United States by filing and aiding in the filing of false
claims against an agency of the United States, mail fraud, use of a postal
fictitious name or address in connection with unlawful activities, aggravated
identity theft, and aiding and abetting. McClain was sentenced to an aggregated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment term of 126 months and an aggregated three-year term of supervised release. McClain is proceeding pro se on appeal.

Suppression hearing

McClain contends that the district court erred in denying his suppression motion because there was no probable cause to arrest him. Considering the evidence in the light most favorable to the government, a reasonable person armed with the facts that Postal Inspector Jeff Terry had gathered could have concluded that McClain had been using the mail and false names to make fraudulent claims against the Federal Emergency Management Agency for disaster relief. The arrest was supported by probable cause. See United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995). The probable cause for the arrest rendered the subsequent search of McClain's person and his truck reasonable. See United States v. Green, 293 F.3d 855, 857 (5th Cir. 2002). The record does not reveal any obvious error with regard to the standard the district court used to make its probable-cause determination. Likewise, there is no record support for McClain's contention that Terry searched McClain's mail without a warrant or that the seizure of a hotel room was unreasonable because the consent given by Andrew Hamann was coerced.

Preliminary hearing stages

Citing 44 U.S.C. § 2901, McClain asserts that warrants bearing no court seals were improperly presented to the grand jury as evidence. Assuming that § 2901 is applicable in this context, McClain has shown, at best, a technical rule violation that does not warrant reversal of his convictions. See United States v. Smith, 424 F.3d 992, 1008 (9th Cir. 2005). McClain also contends that the indictment returned by the grand jury was based on perjurious statements contained in Terry's sworn search warrant application. This factual matter, raised for the first time on appeal, does not give rise to plain error. See United States v. Fierro, 38 F.3d 761, 774 (5th Cir. 1994). McClain had no right to have exculpatory evidence presented to the grand jury. United States v. Williams, 504

2

U.S. 36, 52 (1992). McClain's assertion that he received ineffective assistance of counsel from Tom Cox during the preliminary-hearing stage of his case cannot be resolved on direct appeal. United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006).

McClain contends that the government should have proceeded against him civilly under 18 U.S.C. § 1345 rather than prosecuting him criminally for making fraudulent claims. Section 1345 does not preclude the government from criminally prosecuting a person. McClain has not met his heavy burden of showing that he was selectively prosecuted. United States v. Johnson, 577 F.2d 1304, 1308 (5th Cir.1978). The record refutes McClain's assertion that he was held incommunicado from November 30, 2005, through December 16, 2005.

Pretrial proceedings

The May 11, 2006, pretrial conference involved only questions of law. Thus, McClain's presence was not required at the conference. See FED. R. CRIM. P. 43(b)(3). McClain insists that the government withheld evidence, in the form of an audiotaped interview between his own investigator and Hamann, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act. The evidence at issue was neither Brady material nor Jencks Act material. The record refutes McClain's assertion that the district court did not allow him to represent himself at trial. McClain has not shown plain error with regard to his contention that the trial judge should have recused himself or that the trial judge violated the Establishment Clause by using God's name before the start of each court day. See Marsh v. Chambers, 463 U.S. 783, 786-93 (1983). McClain has not shown that the district court abused its discretion in denying his motion for a continuance, made on the morning of trial. United States v. Buchanan, 485 F.3d 274, 283 (5th Cir. 2007). Neither has McClain shown plain error with regard to his claim that Hamann's fleeting presence in the courtroom during the suppression hearing amounted to a suggestive show-up identification. See United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004) (en banc); United

States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), abrogated in part by Johnson v. United States, [520 U.S. 461](#) (1997).

Evidentiary errors

Contrary to McClain's contention, the district court did not abuse its discretion in admitting Mary Dunseith's testimony that a female called her, attempting to retrieve mail that was received as part of the mail fraud scheme. United States v. Solis, 299 F.3d 420, 443 (5th Cir. 2002). His contention that any evidence obtained from Hamann was inadmissible because Hamann was coerced into cooperating with law enforcement officers is refuted by Hamann's own testimony. As McClain has failed adequately to brief his insistence that the district court should not have admitted into evidence items that had not been listed on a search warrant, he has waived this argument. FED. R. APP. P. 28(a)(9); United States v. Avants, 367 F.3d 433, 442 (5th Cir. 2004); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Evidentiary sufficiency

McClain unsuccessfully moved for a judgment of acquittal at the close of the government's case, which was the close of all the evidence as well. We have therefore reviewed his sufficiency challenge to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The facts of this case are far too lengthy to reiterate here; we have, however, reviewed all the evidence presented at trial in the light most favorable to the government, with all reasonable inferences made in support of the jury's verdict. United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997). As a result of that review, we conclude that jury made a rational decision that there was sufficient evidence to prove each element of each count of conviction. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Procedural trial errors

McClain assails a closing argument by the prosecutor that there was an unknown female involved in the mail fraud conspiracy. The prosecutor's argument was permissible, as it was supported by evidence adduced at trial. See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998). McClain argues that neither he nor his attorney was present in the courtroom when a second juror note was ruled on. The record does not reflect any discussion on the juror note. The second "supplemental jury instruction" issued in response to the second jury note merely served as a cover letter for a transcript of Dunseith's testimony submitted to the jury. It did not instruct the jury as to any factual or legal point. The district court did not abuse its discretion in providing the jury with the transcript. See Government of the Canal Zone v. Scott, 502 F.2d 566, 570 (5th Cir. 1974). Moreover, McClain has failed to explain any grounds on which the district court would have sustained any objection to the provision of the transcript had he been present.

McClain asserts that juror misconduct should have resulted in a mistrial. McClain has a right to a trial by an impartial jury, and the district court has broad discretion in making determinations of impartiality. United States v. Hinojosa, 958 F.2d 624, 631 (5th Cir.1992). A review of the colloquy between the district court and the three jurors at issue does not reveal any abuse of discretion in this regard. Id. McClain's speculative assertion that Bureau of Prisons officials refused to sell him hair straightening products in an effort to prevent the jury from realizing that Hamann had misidentified him is frivolous and unsupported by the record.

Post-trial motions

McClain has waived his challenge to the district court's denial of his motion for an arrest of judgment by failing to brief it adequately. Avants, 367 F.3d at 442. The district court did not abuse its inherent power to control its docket, see In re United Markets Int'l, Inc., 24 F.3d 650, 654 (5th Cir. 1994),

when it gave McClain only one week following the magistrate judge's ruling on counsel's withdrawal motion in which to file any postjudgment motions. Two such extensions had already been granted to counsel, and McClain's motions were filed within the time allotted by the district court.

Sentencing

McClain advances that the district court erred in determining the loss amount under U.S.S.G. § 2B1.1. The district court's determination of the intended loss amount was supported by the presumptively reliable facts contained in the PSR. See United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002). McClain has not rebutted those facts and thus has failed to show clear error. See United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998). Likewise, the unrebutted facts contained in the PSR support the district court's determination that McClain was a leader or organizer of extensive activity for purposes of U.S.S.G. § 3B1.1. That same determination militates against any offense level reduction under § 3B1.2 for a mitigating role in the offense. McClain has not shown that he should have received a three-level reduction pursuant to U.S.S.G. § 2X1.1(b)(2) for an incomplete conspiracy. United States v. Waskom, 179 F.3d 303, 308 (5th Cir. 1999).

The district court did not abuse its discretion in refusing McClain's request for a continuance of the sentencing hearing. See United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999). With respect to his argument that he did not receive a copy of the PSR Addendum until after sentencing, McClain has not shown plain error. See Reyna, 358 F.3d at 350; Calverley, 37 F.3d at 162-64. McClain's argument that the imposition of consecutive sentences on more than one of his 18 U.S.C. § 1028A convictions constituted an upward departure is misplaced. Neither the statute itself nor either of the sentencing guidelines applicable to those offenses indicates that such a sentence constitutes an upward departure. The Confrontation Clause does not apply in the sentencing context.

United States v. Mitchell, 484 F.3d 762, 776 (5th Cir.), cert. denied, 128 S. Ct. 297 (2007).

Conclusion

McClain has not shown error, plain or otherwise, with respect to his multiple contentions and arguments. The judgment of the district court is, in all respects, affirmed. McClain has filed a motion to be released on bail pending appeal and two motions to amend his bail motion. McClain has not made the showing required for release on bail, and his motions are denied. See 18 U.S.C. § 3143(b)(1); United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990). McClain has also filed a motion to strike the government's brief, two motions to supplement the record on appeal, a motion for reconsideration of the order allowing the government to supplement the record on appeal, and a motion to correct minor grammatical errors in his reply brief. Those motions are all denied. Finally, McClain has filed a motion seeking to have an exhibit marked as the government's first sentencing exhibit sent to him. To the extent McClain seeks the original document, his motion is denied. The Clerk is directed, however, to provide McClain with a copy of that document.

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.