# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2011

No. 10-60837
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JASON ANTOINE BROWN,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CR-3

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jason Antoine Brown appeals the sentence imposed following his convictions for one count of bank fraud and two counts of aggravated identity theft. He contends that the Government breached the plea agreement by arguing at sentencing that the sentences should be consecutive. He maintains that the plea agreement required the Government to recommend a two-year total sentence for the two counts of aggravated identity theft or, at a minimum,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60837

to remain silent concerning whether the sentences should be concurrent or consecutive.

The Government moves to dismiss the appeal as barred by the appeal waiver in the plea agreement, arguing that it did not breach the plea agreement because the agreement did not preclude the Government from requesting consecutive sentences. The Government alternatively moves for summary affirmance and for an extension of time to file a brief.

Although Brown raised this argument in a pro se district court motion, he filed it after he had filed a notice of appeal, which divested the district court of jurisdiction. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). Therefore, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1433 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

Brown cannot satisfy the plain error standard. First, it is not clear or obvious that the Government breached the plea agreement because the agreement is silent regarding whether the sentences should be served concurrently or consecutively. *See Puckett*, 129 S. Ct. at 1429. Further, Brown has not shown that any alleged breach violated his substantial rights. *See id.* The district court had discretion to determine whether to order that the sentence for the second aggravated identity theft be served concurrently or consecutively. *See* 18 U.S.C. § 1028A(b)(4). After hearing arguments from both parties, the district court ultimately determined that all of the sentences should be served consecutively and gave numerous reasons for the sentence imposed, including Brown's extensive criminal history. Brown has not shown that, but for the Government's alleged breach, the district court would not have imposed consecutive sentences. *See Puckett*, 129 S. Ct. at 1432-33 & n.4; *see also United*

2

No. 10-60837

*States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Therefore, Brown has not shown that his substantial rights were violated. *See Puckett*, 129 S. Ct. at 1429. The Government's motions to dismiss the appeal or in the alternative for summary affirmance and for an extension of time to file a brief are denied.

AFFIRMED; MOTIONS DENIED.