# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

Lyle W. Cayce
Clerk

No. 10-41166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONNIE ANITA JEFFERS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-4
USDC No. 4:07-CR-1-5

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Connie Anita Jeffers, former federal prisoner # 14211-078, pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to manufacture and distribute methamphetamine. She appeals the district court's denial of her motion under 28 U.S.C. § 2255 challenging the sentencing judge's declaration at her sentencing hearing that she was ineligible for federal benefits for a period of 10 years. Jeffers claimed in her § 2255 motion that the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred when it declared her ineligible for federal benefits and that her trial counsel provided ineffective assistance by failing to challenge that declaration. The district court concluded that Jeffers' § 2255 claims were barred by the waiver of appeal and collateral review in her plea agreement.

This court granted a certificate of appealability on four issues, all relating to the sentencing court's declaration of Jeffers' ineligibility for federal benefits. After Jeffers filed her appellate brief on those issues, the Government moved for remand to the district court for clarification of Jeffers' sentence. This court granted a limited remand for that purpose. On remand, the district court judge, who was also the sentencing judge, issued an order on February 8, 2012, indicating that the penalty of ineligibility for federal benefits was inapplicable to Jeffers pursuant to 21 U.S.C. § 862(e) and was announced during the sentencing hearing in error. The judge indicated that Jeffers' written criminal judgment, which lacked any order declaring Jeffers ineligible for federal benefits, represented the complete criminal judgment.

After briefing resumed in this court, the Government filed a motion for summary affirmance or, alternatively, an extension of time for filing a brief. The Government contends that the district court's February 8, 2012 order renders Jeffers' § 2255 claims moot. Jeffers has not responded to the Government's motion.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement is present at all levels of litigation, from the trial level through the appellate process. *Id.* at 477-78. An appeal is moot when the court can no longer grant any effectual relief to the prevailing party. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). Mootness is jurisdictional because it implicates the case-or-controversy requirement under Article III, and we must raise the issue

of mootness sua sponte if necessary. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

The relief sought by Jeffers and all of the issues pending in this appeal are premised on the sentencing court's declaration of her ineligibility for federal benefits. Given the district court's order clarifying that ineligibility for federal benefits was not part of the punishment imposed against Jeffers, there is no longer any effectual relief that can be granted to Jeffers in this appeal. Thus, there is no case or controversy present concerning Jeffers' § 2255 motion, and this appeal is moot. *See Motient Corp.*, 529 F.3d at 537.

Having determined that this appeal is moot, we next consider whether the district court's judgment denying Jeffers' § 2255 motion should be vacated. *See Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc). Jeffers did not contribute to the reason the case is now moot. "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). Vacatur is appropriate in this case. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950); *Staley*, 485 F.3d at 310.

Accordingly, we VACATE the district court's judgment denying Jeffers' § 2255 motion and REMAND this case to the district court with instructions to dismiss the § 2255 motion as moot because the sentencing court has clarified that Jeffers' sentence did not include any ineligibility for federal benefits. The Government's motion for summary affirmance or, alternatively, an extension of time to file a brief is DENIED as moot.