# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2021

Lyle W. Cayce
Clerk

No. 19-50921

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TONYA MIMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 5:19-CR-248-1

Before KING, SMITH, and HAYNES, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:

Tonya Mims violated her conditions of supervised release ("SR") by, *inter alia*, committing another crime involving financial fraud. She pleaded guilty to her substantive charge and pleaded true to violating her conditions of SR. The district court considered an incorrect advisory range in sentencing her on revocation. Mims failed to object and appeals her sentence, contending that the court committed plain error. We affirm.

No. 19-50921

I.

A.

Mims was convicted of mail fraud in 2005 after she abused her role as office manager to divert $1,841,276 from customer checks into her own bank account. She was convicted again in 2015, this time of ten counts of wire fraud under 18 U.S.C. § 1343 after taking advantage of her position as a consulting accountant to make numerous withdrawals from various companies' accounts for her own use. Mims was sentenced to 37 months in prison, followed by 3 years of SR, and ordered to pay $1,000,000 in restitution. She was released in December 2016, and in January 2019 she was charged yet again, this time for access device fraud under 18 U.S.C. § 1029(a)(2).

On January 29, 2019, Mims's probation officer petitioned to revoke her SR, alleging that Mims violated three conditions of SR. Specifically, the probation officer alleged that Mims violated the condition requiring she not commit another crime. The petition further asserted that, by accepting a position as Director of Accounting, Mims violated two other conditions: She failed to notify her probation officer at least ten days before a change of residence or employment, and she worked in an "occupation which puts the defendant in direct or indirect control of the assets or funds of others." The petition also recommended the issuance of a warrant, identifying Mims as a flight risk.

Mims pleaded guilty to access device fraud and pleaded true to violating her conditions of SR. The probation office prepared a violation worksheet, determining that Mims had a criminal history category of II and that she committed a Grade A violation. Under the policy statements in Chapter 7 of the United States Sentencing Guidelines ("U.S.S.G."), the violation worksheet thus calculated a recommended sentence of 15 to 21 months for violating her SR. See U.S.S.G. § 7B1.4(a). At Mims's revocation and sen-

2

No. 19-50921

tencing hearing, the district court relied on that calculation of the advisory range.

The district court revoked SR and sentenced Mims to 21 months in prison. The court also sentenced her to 14 months in prison for her access-device-fraud conviction and determined the two sentences would run consecutively. At no point during sentencing did Mims object.

The parties now agree that the 15 to 21-month advisory range on revocation was incorrect. Because Mims's most serious violation was a Grade B instead of a Grade A violation, the correct range was 6 to 12 months.[1] Mims asserts that, because the district court considered an incorrect advisory range, it committed plain error, so we should vacate and remand for resentencing.

## II.

Because Mims failed to object to the incorrect advisory range, we review for plain error. *See United States v. Nino-Carreon*, 910 F.3d 194, 196 (5th Cir. 2018). She must overcome "three hurdles before this court may exercise its discretion to correct plain error." *Id.* "First, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain—that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights . . . ." *Molina-Martinez v.*

---

[1] There are two types of Grade A violations: first, those punishable by a prison term exceeding 1 year that are crimes of violence, controlled substance offenses, or involve possession of a firearm or destructive device, and, second, violations punishable by imprisonment exceeding 20 years. U.S.S.G. § 7B.1.1(a)(1). Grade B violations, on the other hand, are punishable by a prison term exceeding 1 year. U.S.S.G. § 7B.1.1(a)(2). The maximum term for Mims's access-device-fraud offense was 10 years because it did not occur after a conviction for another offense under 18 U.S.C. § 1029. *See* 18 U.S.C. § 1029(c)(1)(A)(i). Her most serious violation was, therefore, a Grade B violation.

No. 19-50921

*United States*, 136 S. Ct. 1338, 1343 (2016) (internal citation omitted).

If Mims can satisfy those three prongs, then we "ha[ve] the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).

## III.
### A.

The first two prongs are easily satisfied: Mims asserts—and the government agrees—that the advisory-range calculation was clear error that Mims did not intentionally waive. Mims contends that the error also affected her substantial rights, satisfying the third prong.

To establish that the error affected her substantial rights, Mims "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*, 136 S. Ct. at 1343 (internal quotation marks omitted). Mims "bears the burden of establishing reasonable probability." *United States v. Davis*, 602 F.3d 643, 648 (5th Cir. 2010).

"When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 136 S. Ct. at 1345. Although *Molina-Martinez* involved a guidelines sentence instead of an advisory range, we have applied it in cases involving revocation sentencing. *See, e.g.*, *United States v. Waldrip*, 783 F. App'x 369, 370 (5th Cir.), *cert. denied*, 140 S. Ct. 667 (2019).

A court's use of an incorrect range, however, does not always satisfy the third prong. "There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not

exist." *Molina-Martinez*, 136 S. Ct. at 1346. Whether reliance on an incorrect range prejudices a defendant is a case-by-case inquiry, and the record may show that the court based the sentence "on factors independent of the Guidelines." *Id.* at 1346–47.

Mims contends that there is a reasonable probability of a different outcome. She asserts that the district court failed to indicate that it would have imposed a 21-month sentence on revocation regardless of the errant range.

The government avers that the record shows the error did not affect Mims's substantial rights. It points out that the court told Mims "you are lucky the government is only recommending 35 months. I was going to give you 37." The court further opined that a 35-month sentence is even lower than one of her previous sentences. The government also notes that the court chastised Mims and emphasized the seriousness of her repeated offenses, saying "it appears that you continue stealing and looking for places of employment where you can steal." Finally, the government observes that the violation worksheet stated that Mims's offenses raised several "[a]ggravating factors" that could warrant an upward variance.[2] The government thus contends that the record demonstrates there was not a reasonable probability that the district court would have imposed a lower sentence but for the errant advisory range.

The government is correct that it is entirely possible that the district court would have imposed a 21-month sentence on revocation even if it had relied on the correct range. The sentence was lower than the statutory maxi-

---

[2] Those factors included her previous convictions for financial fraud, her failure to report her new employment to the probation office, and her failure to inform her employer that she was on SR and of her offense.

mum.[3] On the other hand, despite the court's opining that Mims got off easy, it is also plausible that the court would have accepted an even lower sentence had the correct range been considered. Possibly, Mims would have been even "luckier" had the correct range been used.

It is far from clear that the sentence would have been lower but for the advisory range error. That is especially so in light of the court's concern about Mims's past offenses and its view that Mims was "lucky" to receive the 35-month sentence. We need not decide whether Mims satisfied the third prong, however, because even assuming that *arguendo*, we decline to exercise our discretion to remedy the error. *See Davis*, 602 F.3d at 650.

## B.

Relief under the fourth prong is wholly discretionary. *See Puckett*, 556 U.S. at 135. We "respect the sentencing court's discretion in making sentencing decisions" and "do not view the fourth prong as automatic if the other three prongs are met." *United States v. Culbertson*, 712 F.3d 235, 244 (5th Cir. 2013) (internal quotation marks omitted). Rather, the "fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Puckett*, 556 U.S. at 142. To that end, we have observed that the fourth prong is "dependent upon the degree of the error and the particular facts of the case." *Davis*, 602 F.3d at 651 (quoting *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010)).

As the district court correctly observed, Mims continued to seek positions of trust to steal from her employers and their customers: Indeed, she has now been convicted thrice for crimes involving financial fraud. Similar circumstances have warranted affirming plain error in the past. Indeed, in

---

[3] The district court could have sentenced her up to the statutory maximum of two years upon revocation. *See* 18 U.S.C. § 3583(e)(3).

*United States v. Davis*, we considered a sentence imposed based on an identically miscalculated advisory range but nonetheless affirmed the sentence in light of evidence that "strongly suggested that [the defendant] intended to resume the same activities for which he initially had been convicted and imprisoned." *Id.* at 649. We also emphasized that the disparity between the incorrectly calculated 15- to 21-month advisory range and the proper 6- to 12-month range was relatively minor and that the defendant had been sentenced within the statutory maximum. *Id.* at 651. We thus refused to vacate such a sentence "well within the statutory maximum and . . . rendered after [the defendant] was found violating numerous terms of his supervised release and apparently planning a return to his prior criminal activities."[4] *Id.* at 652.

Beyond evidencing that Mims merely "intended to resume the same activities for which [she] initially had been convicted and imprisoned," *id.* at 651, the record in this case shows that Mims has repeatedly engaged in the same types of fraudulent activity after conviction and imprisonment and violated her terms of supervised release in an effort to return to such activity. Moreover, Mims's 21-month sentence is "well within the statutory maximum." *Id.* at 652. Further, as the violation worksheet elucidates, there

---

[4] Of course, in *Rosales-Mireles v. United States*, the Supreme Court cautioned courts that the "possibility of additional jail time . . . warrants serious consideration" when applying the fourth prong and that reliance broadly on a defendant's criminal history may not be sufficient to explain whether an error seriously affects the fairness, integrity, or public reputation of judicial proceedings. 138 S. Ct. 1897, 1907, 1910 n.5 (2018). However, the Court maintained that the fourth prong inquiry is "case-specific and fact-intensive" and that "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id.* at 1909 (cleaned up). *Rosales-Mireles* did not involve the same evidence that the defendant had violated numerous terms of supervised release in an effort to return to prior criminal activities. We find that such "countervailing factors" are present under these circumstances. *Id.*

No. 19-50921

are several aggravating factors that would justify an upward variance from the advisory range.  Indeed, the district court weighed the § 3553(a) factors and observed that the sentence it imposed was, if anything, lenient.

Although the district court considered a wrongly calculated advisory range, Mims's sentence on revocation does not undermine the fairness, integrity, or public reputation of judicial proceedings.  We thus decline to exercise our discretion to remand for resentencing.

AFFIRMED.

HAYNES, *Circuit Judge*, dissenting:

I respectfully dissent. I agree with the reasoning in Section III.A. of the majority opinion that the first two prongs of plain error review are "easily satisfied." I conclude that the third prong is also met given that the district court did not specifically assert that it would impose the same sentence notwithstanding any errors, and its statements indicate only that it wished to impose a revocation sentence at the top of the calculated advisory range, which was in accord with the Government's recommendation for the imposition of a 21-month sentence for the supervised release revocation. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *United States v. Campos*, 922 F.3d 686, 688-89 (5th Cir. 2019).

Turning to the fourth prong, I recognize that this prong is discretionary, but the Supreme Court has put substantial brakes on that discretion in the related Sentencing Guidelines context: "[t]he possibility of additional jail time . . . warrants serious consideration" in that arena. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907, 1911 (2018) (concluding that our court abused its discretion in failing to grant relief in a Sentencing Guidelines error case). Here, the district court sentenced Mims to 21 months based on an improperly calculated advisory range; the correct range was 6–12 months. Accordingly, it meets the *Rosales-Mireles* standard that there is a distinct risk that the district court's error will subject Mims to "unnecessary deprivation of liberty." *Id.* at 1908.

The district court plainly erred. Because we cannot confidently say that the district court would have imposed the same sentence absent the error, I conclude that we should vacate and remand the sentence. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424–25 (5th Cir. 2012) (en banc). Given the majority opinion's declination to do so, I respectfully dissent.