# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2021

Lyle W. Cayce
Clerk

No. 19-40095

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OKSANA BUTLER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:18-CR-48-2

Before OWEN, *Chief Judge*, SMITH and GRAVES, *Circuit Judges*.
JERRY E. SMITH, *Circuit Judge*:

Oksana Butler conspired to possess methamphetamine ("meth") and pleaded guilty with a plea agreement. In sentencing, the district court (1) imposed special conditions of release and (2) temporarily denied Butler federal benefits—even though the plea agreement didn't mention those aspects of sentencing. Butler claims that the court failed to sentence her in accordance with the agreement and erred in denying her benefits. Finding no plain error on the former and waiver on the latter, we affirm.

No. 19-40095

I.

Upon executing a search warrant, officers discovered a plethora of drugs in Butler's bedroom. Butler agreed to plead guilty of conspiracy to possess with intent to manufacture and distribute meth. Two parts of that agreement are pertinent.

First, the parties agreed that the court should sentence Butler to 144 months' imprisonment, a $100 special assessment, and a 5-year term of supervised release ("SR").[1] But the agreement made no mention of (1) special conditions that might accompany SR or (2) whether the court could render Butler temporarily ineligible for federal benefits per 21 U.S.C. § 862(b)(1)(B).

Second, Butler "waive[d] the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture . . . on all grounds." She reserved the right to appeal "the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement."[2]

After Butler entered her plea, the presentence investigation report ("PSR") recommended that the court (1) impose special conditions of SR[3] and (2) deny Butler federal benefits for up to five years, per § 862(b)(1)(B). Butler didn't object to either, and the court imposed those special conditions

---

[1] The agreement also provided Butler "the opportunity to withdraw" her plea if the court rejected the agreement's terms.

[2] The agreement contained a merger clause, specifying "that this agreement is a complete statement of the parties' agreement in this case."

[3] Those conditions require Butler to (1) "provide the probation officer with access to any requested financial information," (2) "not possess or consume any alcoholic beverages," (3) "participate in a program of testing and treatment for alcohol abuse," (4) "participate in a program of testing and treatment for drug abuse," and (5) "participate in any combination of psychiatric, psychological, or mental health treatment programs."

No. 19-40095

of SR and ordered Butler ineligible for federal benefits for five years.

## II.

Butler contends that the court failed to sentence her in accordance with her plea agreement. We (A) ascertain the appropriate standard of review and then (B) analyze Butler's theory.

## A.

In the district court, Butler did not aver that the court failed to sentence her in accordance with the plea agreement. Because her objection "was not brought to the court's attention," our review is for "plain error" only.[4] Butler agrees. To establish plain error, a defendant must show, at the first prong, "an error that has not been intentionally relinquished or abandoned." *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (cleaned up).

## B.

The court did not err—plainly or otherwise. Butler's theory thus flounders on the first prong of plain error review. *Id.*

"Once the court has accepted a plea agreement . . . it is, as a general rule, bound by the terms of that agreement." *McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003) (cleaned up). We thus need to determine whether the court's pronounced sentence was "incompatible with the terms of the agreement." *Delgado*, 769 F. App'x at 145. We construe the agreement "in accord with what the parties intended,"[5] employing "general contract principles and strictly constru[ing] the terms of the agreement against the Govern-

---

[4] FED. R. CRIM. P. 52(b); *accord United States v. Delgado*, 769 F. App'x 144, 145 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 280 (2019).

[5] *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005); *see also United States v. Williams*, 949 F.3d 237, 238 (5th Cir. 2020).

No. 19-40095

ment as the drafter." *Williams*, 949 F.3d at 238.

Butler's theory is that "the parties did not agree to" (1) "a five-year period of ineligibility for federal benefits" or (2) "special conditions of supervised release." The court's decision to impose those conditions, the argument goes, constitutes a failure to impose a sentence in accordance with the plea agreement. We disagree.

The parties did not form any agreement *vis-à-vis* § 862 ineligibility or special conditions of SR, and "[w]e do not infer obligations not agreed to by the parties."[6] Where an agreement is silent about a condition, it provides no evidence "that the government promised or that [the defendant] bargained for" the relevant condition. *United States v. Taylor*, No. 93-5021, 1994 WL 57381, at *1 (5th Cir. Feb. 11, 1994) (per curiam). Consequently, we have repeatedly declined to construe a plea agreement's silence as a constraint on sentencing discretion.[7] Thus, the silence in Butler's plea agreement didn't cabin the court's discretion *vis-à-vis* § 862 or special conditions of SR.[8]

---

[6] *United States v. Taylor*, No. 17-15613, 2021 WL 2376367, at *2 (11th Cir. June 10, 2021) (per curiam) (unpublished); *see also United States v. Hernandez*, 17 F.3d 78, 82 (5th Cir. 1994) ("As the agreement was thus silent on this issue, the government's potential obligation to move for a downward departure is even more questionable."); *cf. United States v. Benchimol*, 471 U.S. 453, 456 (1985) (per curiam) ("[I]t was error for the Court of Appeals to imply as a matter of law a term which the parties themselves did not agree upon.").

[7] For instance, where a plea agreement was "silent regarding whether the sentences should be served concurrently or consecutively," the "district court had discretion to determine whether to order that the sentence . . . be served concurrently or consecutively." *United States v. Brown*, 432 F. App'x 339, 340 (5th Cir. 2011) (per curiam); *accord Taylor*, 1994 WL 57381, at *1. As another example, where a "plea agreement . . . had no provision that bound the district court to grant a [sentencing] reduction," a court's decision to deny that reduction did not "constitute[] a rejection of the plea agreement." *Delgado*, 769 F. App'x at 145.

[8] Even supposing that the agreement's silence rendered it ambiguous, parole evidence likewise demonstrates that Butler didn't consider her plea agreement to bar § 862 ineligibility or special conditions of SR. "[W]hen a plea contract is unambiguous, this court

No. 19-40095

Butler counters by noting that "a court choosing to accept a plea agreement does not then have the option to perform a judicial line-item veto."[9] Thus, Butler contends, the "plea agreement delineated the agreed sentence, which did not include a five-year period of ineligibility for federal benefits penalty or special conditions of supervised release." In other words, according to Butler, the plea agreement delineated *every aspect* of Butler's sentence, and imposition of anything not listed contravenes that agreement. That's wrong for three reasons.

First, this case is not like the line-item veto cases, because the court did not reject any part of Butler's proposed sentence. In its own words, the court "accept[ed] the plea agreement and the judgment and the sentence will be consistent with it."

Second, where Butler bargained for the court not to exercise its usual sentencing discretion, the plea agreement made that clear. For instance, the parties agreed that Butler "will not receive a fine." But they did not do that for § 862 or special conditions of SR. By *expressio unius*, the parties did not indicate any intent to bar the court from exercising its discretion *vis-à-vis* § 862 or special conditions of SR.

Third, the plea agreement contemplated "supervised release." But

---

generally will not look beyond the four corners of the document." *United States v. McClure*, 854 F.3d 789, 793 (5th Cir. 2017) (cleaned up). But courts sometimes check to see if any evidence demonstrates contrary intent. *See Bond*, 414 F.3d at 545.

In pleading guilty, Butler acknowledged that she may have to forfeit federal benefits. Two iterations of the PSR indicated that Butler might be "ineligible for . . . federal benefits for up to five years." The PSR also listed special conditions of SR. And Butler didn't object to any of that. Thus, parole evidence suggests that Butler didn't consider her plea agreement to bar § 862 ineligibility or special conditions of SR.

[9] *United States v. Serrano-Lara*, 698 F.3d 841, 844–45 (5th Cir. 2012); *see also United States v. Self*, 596 F.3d 245, 249 (5th Cir. 2010).

5

nothing in the agreement specified how, exactly, that release would be "supervised." It would be absurd to conclude that the agreement's dearth of details about SR stripped the court of discretion to impose conditions of supervision. Thus, the court's imposition of special conditions comports with the agreement's contemplation of SR.

The upshot is that "nothing in the record indicates that the government promised or that [Butler] bargained for" her § 862 eligibility or a dearth of special conditions. *Taylor*, 1994 WL 57381, at *1. The plea agreement's silence on those matters did not strip the court of its usual sentencing discretion. There was no error—plain or otherwise.

### III.

Butler also contends that, even supposing that the court, in accordance with the plea agreement, could impose § 862 ineligibility, it still misapplied § 862. Butler's appeal waiver bars that theory.

The government contends that Butler waived her right to challenge the court's application of § 862. "To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand . . . ." *Bond*, 414 F.3d at 544. Our review is *de novo*. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). "[W]e construe appeal waivers narrowly, and against the government." *Id.* Applying that two-step inquiry, Butler waived her right to appeal her § 862 claim.

First, Butler repeatedly agreed that she "voluntarily and of [her] own free will agree[d] to give up [her] appellate rights." And she doesn't challenge the knowing or voluntary nature of her agreement. Thus, because Butler "does not allege . . . that [her] ratification of the plea agreement was anything but voluntary" and "indicate[s] that [s]he read and understood the . . .

unambiguous waiver of appeal," her "waiver was both knowing and voluntary." *Bond*, 414 F.3d at 544.

Second, Butler's waiver "applies to the circumstances at hand." *Id.* Butler "waive[d] the right to appeal the . . . sentence." And § 862 ineligibility is an "aspect of [a] sentence."[10] General appeal waivers bar challenges to aspects of sentencing so long as those aspects are "ordinarily considered . . . component[s] of a sentence." *United States v. Keele*, 755 F.3d 752, 755 (5th Cir. 2014). Thus, Butler waived her right to appeal her § 862 ineligibility when she "waive[d] the right to appeal the . . . sentence."

The possible[11] exceptions to that rule don't apply here. For instance, a "statutory maximum challenge [to restitution] is not barred by [a] waiver of appeal." *United States v. Leal*, 933 F.3d 426, 431 (5th Cir.), *cert. denied*, 140 S. Ct. 628 (2019). But Butler doesn't contend that she brings a statutory-maximum challenge. As another example, a general appeal waiver does not bar an appeal concerning an aspect of a sentence where, *inter alia*, "the defendant was not admonished regarding" that aspect of sentencing.[12] Here, in contrast, Butler acknowledged that she "may . . . have to forfeit any federal

---

[10] *United States v. Silva-De Hoyos*, 702 F.3d 843, 848 (5th Cir. 2012); *see also United States v. Bobadilla-Rodriguez*, 534 F. App'x 250, 250 (5th Cir. 2013) (per curiam) ("Humberto Bobadilla–Rodriguez (Bobadilla) appeals his *sentence* . . . . He challenges the district court's imposition of a five-year period of *ineligibility for federal benefits* . . . ." (emphases added)); *United States v. Jeffers*, 479 F. App'x 649, 650 (5th Cir. 2012) (per curiam) ("[T]he sentencing court has clarified that Jeffers' *sentence* did not include any ineligibility for federal benefits." (emphasis added)).

[11] We assume, without deciding, that those exceptions could apply to Butler's situation.

[12] *Keele*, 755 F.3d at 755; *see also United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008) (noting, without deciding, that a general appeal waiver might not bar an appeal about restitution where "the plea agreement . . . said nothing about restitution . . . [and the defendant's] obligation to pay restitution was not clearly communicated during the Rule 11 colloquy").

benefits [that she was] receiving." Further, both iterations of the PSR indicated that, as part of her sentence, Butler could "be ineligible for any and all federal benefits for up to five years." In short, Butler knew that § 862 ineligibility could be part of her sentence, and she waived the right to appeal that sentence. She thus waived her right to claim that the court misapplied § 862.

AFFIRMED.