# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2021

Lyle W. Cayce
Clerk

No. 21-50151
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME ROJO-SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-251-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jaime Rojo-Sanchez appeals the 24-month sentence imposed on revocation of his term of supervised release. He argues that the district court committed a clear or obvious error that affected his substantial rights by miscalculating his advisory range of imprisonment and imposing an upward

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

departure based upon that range. Because Rojo-Sanchez failed to object in the district court on this basis, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

It is undisputed that the district court erroneously calculated the applicable advisory range at sentencing. Thus, as the Government concedes, Rojo-Sanchez has shown a forfeited error that is clear or obvious and has thus satisfied the first two prongs of the plain error analysis. *See Puckett*, 556 U.S. at 135.

To satisfy the third prong of the plain error analysis, the appellant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted); *see also United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (recognizing *Molina-Martinez*'s applicability to cases involving revocation sentencing). Given Rojo-Sanchez's criminal history category and the grade of his violations, his advisory range should have been 5 to 11 months of imprisonment. *See* U.S.S.G. § 7B1.4(a), p.s. However, the district court determined his advisory range was 8 to 14 months of imprisonment. "When a defendant is sentenced under an incorrect Guidelines range[,] . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 136 S. Ct. at 1345. However, the district court's application of an erroneous advisory range is not dispositive on whether the error affected a defendant's substantial rights. *See Mims*, 992 F.3d at 409. "Whether reliance on an incorrect range prejudices a defendant is a case-by-case inquiry, and the record may show that the court based the sentence on factors independent of the Guidelines." *Id.* (internal quotation marks and citation omitted).

Although the district court considered the incorrect advisory range, it did not use the incorrect range as a reference point in determining the appropriate sentence. *See United States v. Wikkerink*, 841 F.3d 327, 337-38 (5th Cir. 2016). Rather, the district court selected Rojo-Sanchez's sentence after considering a number of factors independent of the Guidelines. *See Mims*, 992 F.3d at 409. Specifically, the district court based its decision upon Rojo-Sanchez's noncompliance with the conditions and terms of supervision, his tendency towards recidivism, and his history and characteristics. Based upon these factors, the district court determined that a statutory maximum sentence of 24 months was necessary to deter further criminal conduct and to protect the public from additional crimes of Rojo-Sanchez. Under these circumstances, there is no reason to conclude that, but for the district court's consideration of the incorrect advisory range, Rojo-Sanchez would have received a lesser sentence. *See Molina-Martinez*, 136 S. Ct. at 1343.

Because Rojo-Sanchez has not satisfied his burden of showing that the error affected his substantial rights, *see Puckett*, 556 U.S. at 135, the judgment of the district court is AFFIRMED.