# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2022

Lyle W. Cayce
Clerk

No. 21-10916
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Roderick Raymond Jones,

*Defendant—Appellant*.

Appeal from the United States District Court for
the Northern District of Texas
No. 3:21-CR-107-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Roderick Jones was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and he was sentenced to 120 months of imprisonment, later reduced to 100 months, and four years of supervised release ("SR"). As relevant here, his SR was revoked, and the district court sentenced him to 12 months and one day of imprisonment, which was within the advisory guideline range, with no additional term of SR.

---

*Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

For the first time, Jones challenges his revocation sentence as procedurally unreasonable on the ground that the district court erred by basing the sentence on clearly erroneous facts. He maintains that the court erred by considering a statement made by the Assistant United States Attorney ("AUSA") regarding Jones's failure to communicate with the probation office for several months, because there were no facts alleged in the petition to support the statement.

Because Jones did not raise an objection to the procedural reasonableness of his sentence, he failed to preserve his claim of procedural error, and our review is for plain error only. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585–86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail on plain error review, he must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (citation omitted).

Jones did not challenge the accuracy of the AUSA's statement in the district court, and he raises no challenge to its accuracy on appeal. In any event, even if the district court relied on the AUSA's statement in determining the revocation sentence—which is not clear from the record—and even if the court erred by doing so, Jones has not shown that the error was clear or obvious. *See United States v. Warren*, 720 F.3d 321, 326–31 (5th Cir. 2013). Moreover, given his history of noncompliance while on SR, Jones has not shown that there is a reasonable probability that, but for the claimed error, the district court would have imposed a lower sentence. *See United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021).

Accordingly, the judgment is AFFIRMED.