# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2025

Lyle W. Cayce
Clerk

No. 24-30388

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaylon Deshon Brumfield,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-187-3

———————

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jaylon Deshon Brumfield challenges the district court's application of a bodily injury sentencing enhancement under § 2B3.1(b)(3)(A) of the United States Sentencing Guidelines. We AFFIRM.

I

Brumfield pleaded guilty to conspiracy to interfere with commerce by robbery and possession of a firearm during and in relation to a crime of

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violence. According to the presentence report (PSR) prepared by the United States Probation Office, on April 22, 2022, Brumfield and two co-defendants drove a stolen truck to Market Max in Kentwood, Louisiana, where they "threatened two victims with fear and violence," stole their vehicle, and shot at one of them. The defendants robbed two other stores and another victim at gunpoint the following week.

The PSR assigned Brumfield a criminal history category of I and a total offense level of 22 for the conspiracy, resulting in a guideline sentencing range of 41 to 51 months. U.S.S.G. Ch.5 Pt.A (Sentencing Table). The offense level included a two-level adjustment under U.S.S.G. § 2B3.1(b)(3)(A) because a victim had sustained bodily injuries during the Market Max robbery. The minimum prison term prescribed by statute for the possession-of-a-firearm offense was five years in prison, to run consecutively to any other sentence imposed. *See id* § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A).

Brumfield objected to the application of the bodily injury adjustment. He argued that he was not present during the Market Max robbery, did not know of the robbery in advance or participate in its planning, and did not receive any proceeds from it. The Government objected because the PSR did not include a two-level adjustment under U.S.S.G. § 3C1.2 for an obstruction of justice.

At sentencing, a Federal Bureau of Investigation (FBI) Special Agent testified that during the Market Max robbery, one of the masked defendants approached a store maintenance worker and told him he was being robbed. "They eventually g[ot] into a physical altercation, and Brumfield end[ed] up taking the gun from the [worker]." The worker "took off running" and "Brumfield . . . discharged the firearm towards the [worker]." The agent testified that law enforcement identified Brumfield as the individual who took

the gun from and shot at the worker based on statements provided by a co-defendant. Brumfield denied that it was him.

Based on this testimony, the district court applied an obstruction of justice adjustment, and overruled Brumfield's objection to the bodily injury adjustment. This increased the total offense level for the conspiracy to 24, resulting in a guideline range of 51 to 63 months.

The district court sentenced Brumfield to a within-Guidelines sentence of 60 months, to be followed by three years of supervised release, for the conspiracy, and to a consecutive sentence of 60 months, to be followed by five years of supervised release, for the possession of a firearm. Brumfield appeals.

## II

We review preserved challenges to the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Where an error is not properly preserved, we review for plain error. *United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020); *see* Fed. R. Crim. P. 52(b).

## III

Brumfield challenges the district court's application of the bodily injury adjustment under U.S.S.G. § 2B3.1(b)(3)(A), albeit on different grounds than those he presented to the district court. He now argues that there is no evidence in the record showing that a victim sustained a bodily injury during the Market Max robbery.

We review for plain error. *See United States v. Hill*, 63 F.4th 335, 364 (5th Cir. 2023) ("But when 'the basis for the defendant's objection during trial is different from the theory [he or] she raises on appeal[,]' this court's

3

review is for plain error." (alteration in original) (citation omitted)). Under the plain error standard, the defendant must show a legal error that is "clear or obvious" that has "affected the [defendant's] substantial rights," by "'affect[ing] the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted). A district court commits clear and obvious error when a straightforward application of the Sentencing Guidelines results in the miscalculation of a defendant's criminal history points. *United States v. Blanco*, 27 F.4th 375, 380 (5th Cir. 2022). We have discretion to remedy the error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (citation omitted) (cleaned up).

A

Section 2B3.1(b)(3)(A) provides for a two-level adjustment if a defendant causes "bodily injury" to a victim. U.S.S.G. § 2B3.1(b)(3)(A). "'Bodily injury' means any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *Id*. § 1B1.1, cmt. 1(B); *see id*. § 2B3.1, cmt. 1. The relevant consideration for this adjustment is the resultant injury that the victim sustained, not the conduct of the defendant. *United States v. Guerrero*, 169 F.3d 933, 946 (5th Cir. 1999). If there is insufficient evidence of the resultant bodily injury, the district court may not infer that the victim sustained a bodily injury solely based on the assumption that a particular act would result in a specific injury. *See id*. at 946–47. "[A]n exception lies for certain types of attacks for which the resulting injury follows automatically and is obvious." *Id*. at 947.

The PSR explained that Brumfield and his co-defendants went to the Market Max, threatened two victims, and shot at a victim while stealing his car. It stated that "[i]t is reasonably foreseeable that the victim . . . sustained

4

bodily injuries after being shot." The district court adopted the PSR's factual findings.

Although a PSR typically bears "sufficient indicia of reliability" for the district court to rely on it at sentencing, *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (quoting *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995)), here, both parties agree that no victim was actually shot. The Government posits that the PSR's statement "appears to be a typographical error" because "no bullet found its mark."

The record otherwise contains no support for a finding that the victim sustained any bodily injuries. The agent testified that a "physical altercation" occurred and that Brumfield "end[ed] up taking the gun from the [worker]," but the agent did not detail the nature of the "physical altercation" or describe how Brumfield took the weapon. The record does not contain an allegation that a victim sustained any bodily injury, much less a description of any bodily injury. Nor did any victim report any identifiable harm as a result of the physical altercation or being shot at. Finally, there is no indication that significant injury invariably follows from being shot at when, as in this case, "no bullet found its mark." *See United States v. Zuniga*, 720 F.3d 587, 594 (5th Cir. 2013) (per curiam); *Guerrero*, 169 F.3d at 947.

The district court's factual finding of bodily injury is clearly erroneous.[1]

---

[1] The Government argues that there are alternative grounds for affirming the adjustment. It contends that "[u]nrefuted information . . . established that one or more of the robbers assaulted the [victims] at the Market Max, with the robbers first prying a gun away from one victim before 'beating' both victims," and that the victim was psychologically traumatized by the incident. Generally, this court may affirm the district court's judgment on a ground that the district court did not reach *if* that ground was advanced in that court. *United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022). The

No. 24-30388

B

Brumfield must next show that this error affected his substantial rights by affecting the district court proceedings. *Puckett*, 556 U.S. at 135. He "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

Without the bodily injury adjustment, the total offense level for Brumfield's conspiracy conviction would have been 22 instead of 24, resulting in a sentencing range of 41 to 51 months in prison (instead of 51 to 63 months in prison). The sentence of 60 months exceeds the correct Guideline range.

"In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Id.* at 200. "There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," e.g., when "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* Where "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 201.

At sentencing, the district court stated that "[h]aving calculated the advisory guidelines in this matter," having considered "the relevant 3553(a)

---

Government did not raise this before the district court. Nevertheless, the record is devoid of evidence of any injury, physical or otherwise.

factors as well as the defendant's characteristics, his involvement," and the fact that he took responsibility, it "concluded the ... sentence [was] appropriate ... in light of the facts ... and the applicable law."[2] In a section of the Statement of Reasons providing for additional bases for the sentence, the district court noted that the "[o]ffense level increased to 24[,] changing [the] guideline range from 41 to 51 months to 51 to 63 months." It then checked the box declaring: "In the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case. (18 U.S.C. § 3553(a))."

The record indicates that the Guidelines were the "starting point" for the sentence, but under plain error review, a defendant must show that "(1) a district court use[d] the Guidelines as a starting point; (2) the Guidelines calculation is incorrect; *and* (3) the record is silent as to what the district court might have done had the Guidelines range been correct." *Blanco*, 27 F.4th at 381 (emphasis added). Because the district court expressly stated that it had considered other matters in addition to the Guidelines, and it checked the box affirming that it would have imposed the same sentence regardless of any error in the Guideline calculation, the record is not silent. Brumfield has not "'show[n] a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez*, 578 U.S. at 194; *see, e.g.*, *United States v. Forbito*, No. 22-11026, 2023 WL 8274528, at *4 (5th Cir. Nov. 30, 2023) (per curiam) (unpublished) (holding sentencing error did not affect defendant's substantial rights where district

---

[2] The Government contends that Brumfield cannot show that this error affected his substantial rights because "the district court would have imposed a higher sentence on [the conspiracy conviction] had it been able to do so" since the court "expressly agreed" with the Government that the maximum sentence of 63 months was a "huge break" for Brumfield. The record does not reflect this "express" agreement. Notably, the district court could have sentenced Brumfield to 63 months imprisonment and did not.

court said that "if the Guidelines range was wrong, [it] still [thought] that number that [it] articulated [was] the right number given the facts and circumstances of the case"); *United States v. Mims*, 992 F.3d 406, 410 (5th Cir. 2021) (finding defendant did not satisfy third prong where it was "far from clear that the sentence would have been lower but for the . . . range error" based on district court's statements); *cf. United States v. Coto-Mendoza*, 986 F.3d 583, 587 (5th Cir. 2021) (finding district court adequately explained sentencing rationale and therefore committed no plain error where "the district court . . . noted that it would impose the same sentence under 18 U.S.C. § 3553, even if the Guidelines calculations were incorrect" which "[i]ndicat[ed] that it gave some thought to the matter").

Accordingly, Brumfield has not shown that this error affected his substantial rights.[3]

## IV

Brumfield challenges the district court's reliance on the agent's testimony as violative of the Confrontation Clause. The Government contends this argument is foreclosed by our precedents holding that the Confrontation Clause does not proscribe the introduction of testimonial hearsay at sentencing. Because "the Confrontation Clause does not operate to bar the introduction of testimonial hearsay at noncapital sentencing," we

---

[3] Brumfield also argues that the bodily injury adjustment was erroneous because there is insufficient evidence that he participated in the Market Max robbery *at all*. But the district court heard the agent's testimony that Brumfield participated in the robbery, and Brumfield presented no evidence that his co-defendant's statements or the agent's statements were not credible. The district court's finding that Brumfield was a participant in the Market Max robbery is not clearly erroneous. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (per curiam) ("There is no clear error if the district court's finding is plausible in light of the record as a whole. Further we give deference to the credibility determinations of the district court." (citation omitted)).

No. 24-30388

agree. *United States v. Fields*, 483 F.3d 313, 332 (5th Cir. 2007); *see United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) ("Although there is no Confrontation Clause right at sentencing, this right is applicable to the other stages of trial."); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) ("[W]e conclude that there is no *Crawford* violation when hearsay testimony is used at sentencing, rather than at trial."); *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007) (holding argument that "the district court erred by relying upon hearsay statements in the presentence report without giving him an opportunity to confront the individuals who made the statements" is foreclosed by *Navarro*); *United States v. McClain*, 280 F. App'x 425, 430 (5th Cir. 2008) (unpublished) ("The Confrontation Clause does not apply in the sentencing context.").

The district court did not err in relying on the agent's testimony.

\* \* \*

The judgment of the district court is AFFIRMED.